09-3665-ag
Yang v. Holder

BIA
Hom, IJ
A094 923 475

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

GUI FENG YANG,
> *Petitioner*,

    v.                               09-3665-ag
                                                 NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Genevieve Holm, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gui Feng Yang, a native and citizen of the People's Republic of China, seeks review of a July 31, 2009, order of the BIA affirming the January 15, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gui Feng Yang*, No. A094 923 475 (B.I.A. July 31, 2009), *aff'g* No. A094 923 475 (Immig. Ct. N.Y. City Jan. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Although economic persecution may constitute persecution, *see Mirzoyan v. Gonzales*, 457 F.3d 217, 221 (2d

2

Cir. 2006); *see also Matter of T-Z-*, 24 I. & N. Dec. 163, 170-71 (BIA 2007), the agency reasonably found that the unpaid family planning fine imposed on Yang and the sabotage of his family's crops did not amount to persecution because he did not demonstrate that these economic penalties rose to the level of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68 (2d Cir. 2002) (finding that the agency reasonably concluded that the petitioner failed to demonstrate economic persecution because he did not produce evidence of his income in China, his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government). The agency also reasonably determined that Yang did not establish a well-founded fear of future persecution based on his unsupported fear of harm for failure to pay his fine. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that a fear is not objectively reasonable and is merely "speculative at best" if it lacks "solid support" in the record).

Because Yang was unable to show the objective likelihood of persecution needed to make out an asylum

claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal because both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Yang does not challenge the agency's denial of his application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk